UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:00-CR-16 |
| V. | ) | (JORDAN/SHIRLEY) |
| | ) | |
| | ) | |
| DEWEY ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**
**PENDING REVOCATION HEARING**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned on April 28, 2008 for a detention hearing on a Petition for Warrant for Offender Under Supervision [Doc. 42]. Defendant previously appeared before this Court for an Initial Appearance on the Petition for Warrant for Offender Under Supervision on April 22, 2008, at which time the detention hearing was continued until April 28, 2008 at Defendant's request. Assistant United States Attorney Tracy Stone was present representing the government. Attorney Jonathan Moffatt was present representing Defendant Dewey Anderson, who was also present.

On April 10, 2008, U.S. Probation Officer Kathryn Callaway, filed a Petition for Warrant for Offender Under Supervision [Doc. 42], stating that Defendant had violated certain conditions of his supervised release. District Court Judge Jordan ordered that a warrant be issued and that Defendant appear for a hearing to determine whether the term of supervision should be extended. At the initial appearance, held April 22, 2008, the government sought to have Defendant detained

pending his revocation hearing before District Court Judge Jordan, arguing that there were no conditions of release that would reasonably assure the safety of the community. Defendant objected to the detention and, thus, requested a detention hearing; Defendant waived his right to a preliminary hearing. On April 28, 2008, a detention hearing was held in this matter.

At the detention hearing, the Court heard testimony from U.S. Probation Officer Kathryn Callaway. Attorney Moffatt also made a proffer on behalf of his client on the issue of detention. In the Court's oral ruling in regard to Defendant's detention, a complete review and analysis of the parties' positions, issues, and facts were stated. That specific and detailed oral ruling is attached hereto and made a part of this Order as if stated herein verbatim.

For the reasons stated therein, I find, pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143, that Defendant has not met the burden of establishing, by clear and convincing evidence, that he will not pose a danger to any other person or to the community if released. Furthermore, the Court finds that there are no conditions or combination of conditions of release that would reasonably assure the Court that Defendant would not pose a danger.

It is therefore **ORDERED** that Defendant Dewy Anderson be detained pending his revocation hearing, which is scheduled for **April 30, 2008 at 1:30 p.m.**, before District Court Judge Jordan. Defendant will be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate to the extent practicable from persons awaiting sentencing or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for

the purpose of an appearance in connection with a Court proceeding.

**IT IS SO ORDERED.**

ENTER:


　　  s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge